## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3187 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Thomas Flohr vs. Comdisco, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Pontikes' counsel is granted leave to file an appropriate amendment to the Answer in this Court's chambers on or before October 1, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 21 2001 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FOR DOCKETING 01 SEP 20 PM 3:57 | 9/20/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS FLOHR,  )
            )
    Plaintiff,  )
            )
v.          )  No. 01 C 3187
            )
COMDISCO, INC., et al.,  )
            )
    Defendants.  )

**DOCKETED**
**SEP 2 1 2001**

MEMORANDUM ORDER

Nicholas Pontikes ("Pontikes") has filed his Answer to Count VII of the Amended Complaint ("AC") in this action, the only count in which Pontikes is targeted as a defendant. Because some aspects of that responsive pleading are problematic, this memorandum order is issued sua sponte to address those matters.

To begin with, it is simply wrong to say that a legal conclusion does not require an answer--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Indeed, an allegation as to subject matter jurisdiction is the quintessential legal conclusion, and there is no question that a defendant must respond either with an admission or with a statement as to why jurisdiction is disputed (see, e.g., Form 21 in the Appendix of Forms following Fed. R. Civ. P. ("Rule") 86, which forms are expressly approved in Rule 84). Accordingly the first sentence in each of Answer ¶¶2 and 3 is stricken.

More substantively, several paragraphs of the Answer fail to track the plain roadmap marked out by the second sentence of Rule

8(b) as the predicate for a deemed denial: Nothing is said by Pontikes about his "belief," which is the ingredient that makes that provision a demanding one--see App. ¶1 to State Farm. Accordingly Answer ¶¶4, 31, 35 and 41 are stricken, but this time with leave to amend to provide proper responses.

Finally, all of the Affirmative Defenses ("ADs") are set out in the most perfunctory skeletal manner, something that does not conform even to the minimal requirements of the notice pleading approach taken by the Rules. Simply parroting a number of the terms set out in Rule 8(c) will not do. Accordingly all eight of the ADs are stricken, but again with leave to cure that deficiency by fleshing out the predicate for each asserted AD.

Pontikes' counsel is granted leave to file an appropriate amendment to the Answer in this Court's chambers (with a copy of course being served on opposing counsel) on or before October 1, 2001. No charge is to be made to Pontikes by his counsel for the added work and expense incurred in correcting counsel's own errors. Pontikes' counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

*/s/ Milton I. Shadur*
Milton I. Shadur
Senior United States District Judge

Date: September 20, 2001

2