## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3187 | **DATE** | 4/17/2002 |
| **CASE TITLE** | Thomas Flohr vs. Comdisco, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. All of the Flohr responses to the requests identified in this memorandum opinion and order are stricken. New and properly framed answers must be provided on or before April 29, 2002. And because the bulk of the objections that have been raised by Flohr neither satisfy any of the criteria set out in the last sentence of Rule 36(c)(2) nor comport with the requirements of objective good faith expected of every lawyer and client, Flohr is ordered to pay 90% of the attorneys' fees and expenses incurred in bringing the current motion. Counsel for the parties are expected to seek to reach agreement on that amount before submitting any areas of difference for resolution by this Court. Grant motion (27-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 18 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 30 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/17/2002 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office — SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS FLOHR,                      )
                                   )
            Plaintiff,             )
                                   )
    v.                             )   No. 01 C 3187
                                   )
COMDISCO, INC., et al.,            )
                                   )
            Defendants.            )

**DOCKETED**
**APR 1 8 2002**

MEMORANDUM OPINION AND ORDER

Nicholas Pontikes ("Pontikes") has filed a motion targeting a number of responses by Thomas Flohr ("Flohr") to a series of Requests to Admit (cited "Req. --") that Pontikes had tendered to Flohr. With Flohr now having responded with his own Memorandum of Law (cited "Mem.--"), the motion is ripe for resolution. As explained in this memorandum opinion and order (which takes up the Requests in the same order as addressed by the parties' submissions), almost all of the objections interposed by Flohr are totally without merit.

Flohr Mem. 5-7 quibbles about Req. 25's use of the locution that Flohr "had the opportunity" to sell some of his Comdisco stock "during certain quarterly windows starting in February 1999." There is no reason that Flohr should not flat-out admit that Request. Whatever reasons he may assert for <u>not</u> having sold the stock are in no way waived or forfeited by such a truthful response. After all, the Requests are properly intended to enable Pontikes to stake out his position on waiver (or

2

forfeiture)--and as and when he does, Flohr will have an ample opportunity to respond both factually and legally.

That applies as well to Flohr's objections to Req. 27. Again Flohr's Mem. 7-8 argues an unpersuasive irrelevancy as the predicate for not giving a straightforward response, as he should.

That goes as well for Flohr's objection that "Comdisco insider" and "one of its top executives" are too ambiguous to permit an informed answer to Req. 9. It is really nonsense for his counsel to characterize those familiar terms as insufficiently devoid of content to permit an unqualified "yes" answer.

As for Reqs. 2, 13 and 22-24, counsel for the litigants disagree as to Flohr's compliance with Fed. R. Civ. P. ("Rule") 36(a)'s provision that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is sufficient to enable the party to admit or deny." Flohr claims that his responses don't violate that requirement because they conform to an agreement reached between counsel. This Court was not of course present during the parties' discussion on the subject, but it seems unnecessary to resolve any dispute as to what really transpired--instead it should be a

simple matter for Flohr to beef up his present declinations to respond with the just-quoted type of statement specified in Rule 36(a), coupled with the reasons for the insufficiency of available evidence to produce a "yes" or "no" response. In that regard, see this Court's opinion in Cada v. Costa Line, Inc., 95 F.R.D. 346 (N.D. Ill. 1982).

Next, an entire set of Flohr's remaining objections--objections in which he urges that Requests framed in terms of Comdisco stock being "trading at its all-time high" (Req. 30), of Comdisco's plan to embark on "significant business opportunities" (Req. 12), of the "nature of Prism's business" (Req. 16), of the "nature and extent" of Comdisco's Ventures business (Req. 11) and of things occurring "on or shortly after" certain dates (Reqs. 36, 37 and 38)--are too vague to permit informed answers. Those objections do no credit to presumably responsible counsel, and they too are rejected.

Finally, Flohr's assertions that a "document speaks for itself" (Reqs. 17-19) are no more acceptable for Rule 36(a) purposes than they are in a responsive pleading. In the latter respect, see App. ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). All of those responses must be redone as well.

## Conclusion

All of the Flohr responses to the Requests identified in

this memorandum opinion and order are stricken (though no fault is ascribed to Flohr's counsel as to Reqs. 2, 13 and 22-24, as to which there has been a bona fide disagreement). New and properly framed answers (presumably straight-out admissions, unless truly legitimate reasons support some other response to any Requests) must be provided on or before April 29, 2002. And because the bulk of the objections that have been raised by Flohr neither satisfy any of the criteria set out in the last sentence of Rule 36(c)(2) nor comport with the requirements of objective good faith expected of every lawyer and client, Flohr is ordered to pay 90% of the attorneys' fees and expenses incurred in bringing the current motion.[1] Counsel for the parties are expected to seek to reach agreement on that amount before submitting any areas of difference for resolution by this Court.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 17, 2002

---

[1] It would seem that 10% represents a generous allocation of the portion of fees and expenses that should be attributable to the legitimately controverted Request answers.

4